CORNELIUS ENNIS AND E. C. REYNOLDS, ADMINISTRATORS, ETC., VS. JAMES COOKE — Writ of Error from Austin County.

When a surety has been compelled to pay the debt of his principal, and brings his suit against the administrators of his principal, who plead " prescription and limitation:" *Held*, that this general defense only enables them to set up the time that had elapsed since the surety had paid the debt, and that it could not apprise him that they meant to rely on the defense that he had not availed himself of the statute of limitations in the suit against him by their common creditor.

This suit was brought by Cooke, a surety, against the administrator of his principal, to recover the amount of a debt which he had been compelled to pay for the latter. There was a verdict and judgment in his favor.

On the trial of the case the defendants pleaded the general issue and the statute of limitations, the latter in the following

terms, viz.: "And for further plea they plead prescription and limitation, and deny all and singular the allegations in plaintiff's petition contained."

The opinion of the court presents the other material facts of the case.

*Gillespie*, for plaintiff in error.

*Thompson* and *Alexander*, for defendant in error.

[593] Mr. Justice WHEELER delivered the opinion of the court.

The plea of "prescription and limitation," being expressed in general terms, must be understood as applying to the time which had elapsed after the cause of action accrued, as between the plaintiff and defendants. It could properly have been understood as applicable to no other period of time. This cause of action accrued at the time when the plaintiff paid the debt of the defendant's intestate. The general denial, and this general plea of "prescription and limitation," constitute the answer. It contains no exception or plea by which the plaintiff could have been apprised of the defense, that he had not availed himself of the statute of limitations in the suit against him by their common creditor, and hence the plaintiff was afforded no opportunity of meeting and repelling that defense. None of the evidence is presented by the record, either in a bill of exceptions or statement of facts. It does not appear, therefore, that the instructions complained of had any application whatever to any issue in the case, or to any evidence before the jury. We are of opinion that the judgment be affirmed.

---

[594] GAIL BORDEN ET AL. vs. SAM HOUSTON, PRESIDENT —
Appeal from Harris County.

Every presumption is with the judgment rendered in the court below, and the party who seeks to reverse it takes upon himself the burden of showing that error has been committed, and in what it consists. [*Ante*, 581; 8 Tex. 143.]

Where a judge is required to exercise a discretion, and there are no prescribed rules to regulate and control it, it can have no other limit than his own moral sense of justice.